**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| FUFC, LLC | CIVIL ACTION |
| VERSUS | 18-1095-SDD-EWD |
| EXCEL CONTRACTORS, LLC | |

**RULING**

Before the Court is the *Second Motion for Leave to Deposit Funds into Registry of the Court*[1] by Excel Contractors, LLC ("Excel"). The *Motion* is unopposed.

## I. BACKGROUND[2]

FUFC filed a *Complaint*[3] on December 21, 2018 against Excel Contractors, alleging that after FUFC purchased the accounts receivable of Superior Disaster Relief, LLC ("Superior"), FUFC acquired invoices submitted to Excel by Superior. Because Superior had failed to pay for various goods and services, Excel became aware that multiple material suppliers hold or may hold claims against it due to Superior's failure to pay for the goods and services supplied. In summary, various suppliers in Puerto Rico sold materials to Superior, who then invoiced Excel for the materials. Superior then sold those invoices to FUFC, who now has filed suit seeking to compel Excel to pay it for the materials sold by the various suppliers in Puerto Rico. Consequently, because the funds sought by FUFC and potentially by the Puerto Rican suppliers are common in origin,

---

[1] Rec. Doc. 33.
[2] The Court draws the factual background from Rec. Doc. 33-1 p. 2-3.
[3] Rec. Doc. 1.
59164

Finance

Excel has filed for statutory interpleader[4] and seeks to deposit funds into the registry of the Court.

## II.   LAW AND ANALYSIS

An interpleader action is an equitable action involving a disinterested plaintiff-stakeholder who either is, or may be, exposed to multiple liability or multiple litigation over an identifiable fund to which there are two or more mutually inconsistent claims.[5]  The purpose of interpleader is to enable the plaintiff, who is also the stakeholder, to avoid "the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing."[6]  Courts possess broad discretion in interpleader actions.[7] There are two methods of interpleader in federal courts: rule interpleader under FED. R. CIV. P. 22 and statutory interpleader under 28 U.S.C. § 1335. Here, Excel has filed a statutory interpleader action, which requires the following: (1) Excel must file an action concerning $500 or more; (2) Excel must deposit the funds in the registry of the court; (3) two or more adverse claimants assert or may assert entitlement to the funds; and (4) the claimants must be minimally diverse.[8]

The Court finds that the requirements for statutory interpleader are met here. Excel seeks to deposit $605,517.56 into the registry of the Court.[9] More than two claimants have claimed or may claim entitlement to the funds that Excel seeks to deposit: FUFC,

---

[4] Rec. Doc. 14.
[5] *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002).
[6] *Id.* at 631 (citing *Texas v. Florida*, 306 U.S. 398, 412 (1939)); *White v. FDIC*, 19 F.3d 249, 251 (5th Cir. 1994) (defining interpleader as a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund").
[7] *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir.1999).
[8] 28 U.S.C. § 1335(a). *See Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192-193 (5th Cir. 2015).
[9] Rec. Doc. 33-1 p. 2, 8.

59164

Superior Disaster Relief LLC, Scott Butaud, and the various Puerto Rican defendants—namely, LA Electrical Inc., Maderas 3C Inc., Lanco Manufacturing Corporation, and Enco Manufacturing Corporation—have an interest in the funds and have claimed or will claim entitlement to the funds.[10] These claimants are minimally diverse, as there exists diversity between at least two claimants regardless of co-citizenship between other rival claimants.[11]

### III. CONCLUSION

For the reasons set forth above, the unopposed *Motion to Deposit Funds*[12] filed by Excel Contractors, LLC is GRANTED.

Signed in Baton Rouge, Louisiana on February 19, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[10] *See* Rec. Doc. 14 p. 1-2.
[11] *Id.* at p. 2; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Multiple claimants are domiciled in Texas, and multiple claimants are domiciled in Puerto Rico. The Court notes that the pending *Motion to Dismiss* by Scott Butaud, Rec. Doc. 35, has no effect on the present *Motion*, as resolution of Butaud's *Motion to Dismiss* in either direction would not affect minimal diversity or any of the statutory interpleader elements.
[12] Rec. Doc. No. 33.
59164