UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FUFC, LLC, d/b/a RIOUX
CONTRACTOR CAPITAL

VERSUS

EXCEL CONTRACTORS, LLC
f/k/a EXCEL CONTRACTORS, INC.

CIVIL ACTION
18-1095-SDD-EWD

**RULING**

This matter is before the Court on the *Motion to Dismiss for Forum Non Conveniens as to Both Movants, or Alternatively Solely as to Mr. Butaud Under Rule 12(b)(6)*[1] filed by Third-Party Defendants Scott Butaud ("Butaud") and Superior Disaster Relief LLC ("Superior"). Defendant, Excel Contractors, LLC ("Excel"), filed an *Opposition*.[2] For the reasons that follow, the Court finds that the *Motion* shall be GRANTED.

**I.    FACTUAL BACKGROUND**

After Hurricane Maria struck Puerto Rico in September 2017, the Puerto Rico Department of Housing retained Defendant Excel to perform certain disaster repair and cleanup contracting work.[3] In turn, Excel subcontracted with other firms, one of which was Superior; Excel and Superior signed a "Master Service Agreement for Excel Subcontractors" on March 21, 2018.[4] Before that contract was signed, Superior had executed a different contract – one with Plaintiff FUFC, LLC, d/b/a Rioux Contractor

---

[1] Rec. Doc. No. 62.
[2] Rec. Doc. No. 66.
[3] Rec. Doc. No. 1, p. 2.
[4] *Id*.
64251

Capital ("Rioux"), wherein Superior sold and assigned its accounts receivable to Rioux and granted Rioux a first priority security interest in all of its assets.[5] Subsequently, Excel agreed, in a series of contracts, to pay Rioux almost $2 million dollars in invoices for work performed by Superior.[6] Rioux alleges that Excel made partial payments but ultimately breached the contracts by failing to pay the agreed-upon amounts. Rioux sued Excel in this Court on December 21, 2018,[7] bringing claims for breach of contract, promissory estoppel, and unjust enrichment, and seeking the outstanding amounts owed under the contracts, plus interest and attorneys' fees.[8] On February 4, 2019, Excel filed a Counterclaim in Interpleader, joining Scott Butaud and Superior as Third-Party Defendants.

In the instant *Motion*, Butaud and Superior argue that Excel's claims against them should be dismissed under the doctrine of *forum non conveniens* because the Master Service Agreement between Superior and Excel has a forum selection clause that requires the parties to assert any claims arising out of the contract in the Puerto Rico Court of First Instance in San Juan.[9] Excel counters that, in fact, the forum selection clause states that "any U.S. District Court" is a proper venue for claims arising out of the contract and that, in any event, Butaud and Superior's *forum non conveniens* argument is untimely. For the reasons described below, the Court agrees with Butaud and Superior.

---

[5] *Id.*
[6] *Id.* at p. 3.
[7] This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332; the *Complaint* contains allegations that Rioux is a Texas limited liability company with its principal place of business in Austin, Texas and that Excel is a Louisiana limited liability company with its principal place of business in Baton Rouge. (Rec. Doc. No. 1, p. 1).
[8] Rec. Doc. No. 1.
[9] Rec. Doc. No. 62-1, p. 1.
64251

**II.  LAW AND ANALYSIS**

    a.  <u>Forum Selection Clauses and *Forum Non Conveniens*</u>

The contract between Superior and Excel contains a forum selection clause that specifies a trial court in the United States Territory of Puerto Rico:

> 16. CHOICE OF LAW- All disputes and causes of action arising out of this Agreement shall be governed by the laws of the Government of Puerto Rico or and any applicable federal laws and regulations. The parties further agree to assert any claims or causes of action that may arise out of this Contract in the Puerto Rico Court of First Instance, San Juan, Puerto Rico, Judicial Center, notwithstanding jurisdiction may be averred in any U.S. District Court, including for diversity of citizenship.

The doctrine of *forum non conveniens* allows a court to decline jurisdiction, even when the case is properly before the court, if the case may be tried in another forum more conveniently.[10] *Forum non conveniens* doctrine "rests upon a court's inherent power to control the parties and the cases before it and to prevent its process from becoming an instrument of abuse or injustice."[11] In deciding a motion to transfer for *forum non conveniens*, a court is not limited to the allegations in the complaint, but may consider all of the evidence before it.[12]

In *Atlantic Marine*, the United States Supreme Court discussed how *forum non conveniens* provides for the transfer of cases where a forum selection clause designates a nonfederal forum:

> [T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for

---

[10] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008).
[11] *In re Air Crash Disaster near New Orleans v. Pan Am. World Airways, Inc.*, 821 F.2d 1147, 1153-54 (5th Cir. 1987) (en banc).
[12] *KFC Corp. v. Iron Horse of Metairie Rd., LLC*, No. CV 16-16791, 2018 WL 3632356, at *4 (E.D. La. July 31, 2018)(citing *Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 158-59 (2d Cir. 1980)(en banc)).

64251

the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer. For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* "has continuing application in federal courts." And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.[13]

Generally, a court considering a *forum non conveniens* motion is bound to consider certain factors -- factors relating to the parties' private interests, including "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive,"[14] as well as public-interest factors including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."[15] The court must also give some weight to the plaintiffs' choice of forum.[16] However, the United States Court of Appeals for the Fifth Circuit, relying on *Atlantic Marine*, has instructed how the presence of a forum selection clause affects the *forum non conveniens* analysis:

> The presence of a valid forum-selection clause simplifies this analysis in two ways. First, the plaintiff's choice of forum merits no weight because, by contracting for a specific forum, the plaintiff has effectively exercised its venue privilege before a dispute arises. Second, the private-interest factors weigh entirely in favor of the preselected forum, so that the district court may consider arguments about public-interest factors only. Hence, a valid

---

[13] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 60–61 (2013).
[14] *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981) (internal quotation marks omitted).
[15] *Id.*
[16] *See Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955).
64251

forum-selection clause controls the *forum non conveniens* inquiry in all but the most unusual cases.[17]

b. <u>Analysis</u>

Neither party argues that the forum selection clause in question is unenforceable or merely permissive. Instead, Excel attempts to defeat the *forum non conveniens* motion by arguing that the language of the forum selection clause does not specify the Court of First Instance in San Juan but, in fact, provides for jurisdiction in *any U.S. District Court*. Excel's proffered interpretation of the forum selection clause is simply not credible. A forum selection clause that allowed "any U.S. District Court" as a proper venue would hardly be a *selection* at all. And Excel's interpretation ignores the word "notwithstanding," which establishes that the selection of the Puerto Rican forum is binding regardless of where else jurisdiction may exist. Overall, the Court agrees with Superior that the language of the clause "expressly provides" that transfer to San Juan "is required even if the parties could claim jurisdiction in a U.S. district court, "including for diversity of citizenship."[18]

Having found that the contract between Excel and Superior contains a valid and mandatory forum selection clause that specifies a nonfederal forum, the Court turns to Excel's second argument – that it is too late for Superior to raise *forum non conveniens.* In Excel's view, "Superior should have moved to dismiss for *forum non conveniens* when it filed its answer to Excel's *Counterclaim in Interpleader* and its own *Counterclaim* against

---

[17] *Barnett v. DynCorp Int'l, L.L.C.,* 831 F.3d 296, 300 (5th Cir. 2016)(internal citations and quotations omitted).
[18] Rec. Doc. No. 62-1, p. 2 (internal quotations omitted).
64251

Excel, more than a year ago."[19] Or, Excel argues, Defendant Butaud should have raised this issue in his *Motion to Dismiss*, which this Court granted in part and denied in part in a March 2020 *Ruling*.[20]

The United States Court of Appeals for the Fifth Circuit has addressed timeliness in the *forum non conveniens* context. In the *Air Crash*[21] case, the Fifth Circuit opined that a motion to dismiss based on *forum non conveniens* must be asserted "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant."[22] Noting that "untimeliness will not affect a waiver," the Fifth Circuit found that nevertheless "it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve."[23]

*Air Crash* is distinguishable insofar as there was no forum selection clause between the parties therein. Importantly, however, the *Air Crash* court classified the timeliness of a *forum non conveniens* motion as a private interest factor – "one of the private 'practical problems' to be considered"[24] by the Court. This classification has critical implications for the *forum non conveniens* analysis in this case. As noted above, the Fifth Circuit and Supreme Court have held that when there is a valid forum selection clause between the parties, "private-interest factors weigh entirely in favor of the preselected

---

[19] Rec. Doc. No. 66, p. 6.
[20] Rec. Doc. No. 58.
[21] *In re Air Crash Disaster near New Orleans v. Pan Am. World Airways, Inc.*, 821 F.2d 1147 (5th Cir. 1987)(en banc).
[22] *Id.* at 1165.
[23] *Id.*
[24] *Id.*, n. 30.
64251

forum, so that the district court may consider arguments about public-interest factors only."[25] If private interest factors are off the table, and timeliness is a private interest factor, Excel's attempt to defeat the instant motion by arguing untimeliness necessarily fails.[26]

In *Pride International, Inc. v. Tesco Corp.,* the Southern District of Texas considered a similar timeliness argument in a very similar context: a *forum non conveniens* motion by a third-party defendant in a case where the parties were bound by a forum selection clause specifying a nonfederal forum (namely, England). When the plaintiff argued that the motion was untimely, the Southern District stated that it had "found no case holding that a defendant waived its right to move for dismissal for *forum non conveniens* by reason of untimeliness."[27] "In any event," the court explained, "the Fifth Circuit classifies these timeliness questions as private interest factors, or practical problems to be considered, which, as already observed, are all deemed to weigh entirely in favor of the pre-selected forum. Plaintiffs' recourse, therefore, is to 'bear the burden of

---

[25] *Barnett v. DynCorp Int'l, L.L.C.,* 831 F.3d 296, 300 (5th Cir. 2016)(internal citations and quotations omitted).

[26] The "private interest" factors include: (i) the relative ease of access to sources of proof; (ii) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (iii) possibility of view of [the] premises, if view would be appropriate to the action; (iv) all other practical problems that make trial of a case easy, expeditious and inexpensive ... enforceability of judgment[; and whether] the plaintiff [has sought to] "vex," "harass," or "oppress" the defendant. (*Moreno v. LG Elecs.*, USA Inc., 800 F.3d 692, 700 (5th Cir. 2015)). As Superior avers in its *Motion*, "The work here was performed in Puerto Rico, and a substantial part of the evidence is located there and documents are in the local language . . .though this case has been pending for some time, absolutely no proceedings have been conducted by or with Superior or Mr. Butaud (except this Court's prior dismissal of the claims against Mr. Butaud), and no discovery—no documents, no depositions, none—has been conducted by or on Superior or Mr. Butaud. Accordingly, there would be no waste or prejudice by requiring this litigation to be filed again in Puerto Rico." (Rec. Doc. No. 62-1, p. 7). Thus, even if private factors *were* considered, it is not clear that they would cut in favor of Excel.

[27] *Pride Int'l, Inc. v. Tesco Corp. (US),* No. CIV.A. H-12-2889, 2014 WL 722129, at *4 (S.D. Tex. Feb. 24, 2014).

64251

showing that public-interest factors overwhelming disfavor [sic] a transfer [or dismissal].'"[28]

The "public interest" factors – the only factors to be considered by the Court in this case – include:

> (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having a the [sic] trial of a diversity case in a forum that is familiar with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty.[29]

Superior asserts that "Puerto Rico is an adequate and available forum for Plaintiff's suit; indeed, if anything a Puerto Rican court is more familiar in applying Puerto Rican law, and Puerto Rico has a greater interest in achieving a consistent result in this localized dispute about work allegedly deficiently performed for the Puerto Rican government, pursuant to a MSA [Master Service Agreement] that government required its contractors use)."[30] Excel – which as the Third-Party Plaintiff "bear[s] the burden of showing that public-interest factors overwhelming[ly] disfavor"[31] dismissal – does not offer any argument on the public-interest factors.

Excel makes two additional attempts to defeat this *forum non conveniens* motion. One is an argument, premised on "veil piercing," that "Mr. Butaud may be sued in Louisiana irrespective of whether the Subcontract requires litigation in Puerto Rico."[32] Butaud is a member, manager, employee, and agent of Superior, and in Excel's view, "It

---

[28] *Id*., (citing *Atl. Marine*, 134 S.Ct. at 582)(some internal citations and quotations omitted).
[29] *Moreno v. LG Elecs., USA Inc.,* 800 F.3d 692, 700 (5th Cir. 2015).
[30] Rec. Doc. No. 62-1, p. 2-3.
[31] *Pride Int'l, Inc.,* 2014 WL 722129, at *4 (S.D. Tex. Feb. 24, 2014).
[32] *Id.* at p. 7.

64251

is unsupportable to impose a venue selection clause of a contract where that organization's 'corporate identify' [sic] is effectively disregarded due to the nefarious actions of its management."[33] Excel cites Louisiana Revised Statute 12:1320(D), which provides that "[n]othing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a members, manager, employee, or agent of a limited liability company. . ."[34] This Court fails to see how bringing suit against Superior in the agreed-upon forum would affect a "derogation of any rights" that Excel has against Superior. In any event, Excel points out that it "was unable to find any Louisiana jurisprudence concerning the proper venue for a "veil piercing" action under La. R.S. 12:1320(D)."[35] In the Court's view, when Excel and Superior signed their Master Service Agreement, Excel clearly selected the Court of First Instance in San Juan as the venue for all claims arising out of the contract, with no indication that "nefarious acts" by individual members of Superior would provide an exception to that selection.

Lastly, Excel contends that dismissal under *forum non conveniens* would be inappropriate because the MSA provides that Superior is bound to defend and indemnify Excel under certain circumstances. Excel submits that "it is difficult to envision any interpretation of [the indemnification provision] which would limit this defense and indemnification provision to Puerto Rican 'state' court."[36] The Court fails to see why it is difficult to envision. The very same document provides that "the parties . . . agree to assert any claims or causes of action that may arise out of this Contract in the Puerto Rico Court

---

[33] Rec. Doc. No. 66, p. 8.
[34] La. R.S. 12:1320(D).
[35] Rec. Doc. No. 66, p. 7.
[36] *Id.* at p. 9.
64251

of First Instance, San Juan, Puerto Rico, Judicial Center. . ."[37] Excel does not explain why the indemnity provision could not be litigated in the forum specified in the contract.

Overall, the Court finds that the valid forum selection clause, combined with the public-interest factors to be considered in the forum non conveniens context, here dictate that the instant *Motion*[38] shall be GRANTED and Excel's claims against Superior and Butaud dismissed without prejudice, to be refiled in the Puerto Rico Court of First Instance in San Juan, Puerto Rico.

### III.  CONCLUSION

Signed in Baton Rouge, Louisiana the 2nd day of February, 2021.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] *Id.* at p. 7.
[38] Rec. Doc. No. 62.
64251