## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FUFC, LLC d/b/a RIOUX
CONTRACTOR CAPITAL

CIVIL ACTION
VERSUS                                                           18-1095-SDD-EWD

EXCEL CONTRACTORS
LLC, f/k/a EXCEL
CONTRACTORS, Inc.


## RULING

This matter is before the Court on the *Joint Motion for Default Judgment Against Certain Defendants-in-Interpleader and for the Entry of Judgment*[1] filed by Plaintiff, FUFC, LLC, d/b/a Rioux Contractor Capital ("Rioux") and Defendant, Excel Contractors, LLC ("Excel"). Counter Defendants, Lanco Manufacturing Corporation ("Lanco") and Enco Manufacturing Corp. ("Enco"), filed an *Opposition*[2] to this motion. For the reasons that follow, the Court finds that the *Motion* shall be GRANTED.

## I.    BACKGROUND

This case arises out of various contracts and subcontracts relating to disaster repair and cleanup work performed by Excel in Puerto Rico after Hurricane Maria struck the island in September 2017. After obtaining authorization from the Court, Excel deposited $605,517.56 into the registry of the Court on February 20, 2020.[3] Rioux and

---

[1] Rec. Doc. No. 68.
[2] Rec. Doc. No. 78.
[3] Rec. Doc. No. 57.
66637

Excel now represent that they have entered into a settlement agreement that is, in part, conditioned upon the release to Rioux of the $605,517.56 held in the registry of the Court.[4] Because, they contend, neither Lanco and Enco nor Counter Defendants LA Electrical, Inc. ("LA Electrical") and Maderas 3C Inc. ("Maderas") have filed claims to the interpleaded funds, the Court should enter a default judgment against them and dismiss their claims without prejudice.

As an initial matter, the Court notes that Lanco and Enco were terminated from this matter on January 20, 2021, after Rioux and Excel's claims against them were amicably resolved during a settlement conference with Magistrate Judge Erin Wilder-Doomes.[5] Thus, this *Motion* is moot with respect to Lanco and Enco. As for LA Electrical and Maderas, neither party has made an appearance. Under Federal Rule of Civil Procedure 55, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, ... the clerk must enter the party's default." Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

Generally, the entry of default judgment is committed to the district court's discretion.[6] Among the factors a district court may consider when deciding whether to grant a default judgment are whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default

---

[4] Rec. Doc. No. 68-1, p. 5.
[5] Rec. Doc. No. 87.
[6] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).
66637

judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion.[7] As to LA Electric and Maderas, the grounds for default are clearly established, since they failed to respond to the *Counterclaim in Interpleader* filed by Excel.[8] Due to the lack of responsive pleadings, there are no material facts in dispute. Likewise, there is no evidence that the nonresponse of LA Electrical and Maderas is the result of a good faith mistake or excusable neglect, nor is the Court aware of any facts which would require the default to be set aside, should the Counter Defendants motion.

In *Benjamin Moore & Co. v. Menendez,*[9] the District Court for the Northern District of Texas held that default judgment was proper as to an interpleader defendant who did not appear, and further held that "[w]hen only one of the claimants named in an interpleader action has answered, the court need not consider the merits of which party is entitled to the funds."[10] Here, it is not disputed that, of the four Counter Defendants and would-be claimants to the funds in the Court's registry, two have not appeared and two have already been dismissed from the case. As a result, the Court finds that the *Judgment* proposed by the parties, awarding those funds to Rioux, shall be executed.

---

[7] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[8] Rec. Doc. No. 14.
[9] No. 3:18-CV-2288-B, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019).
[10] *Id*. at *1. *See also Shuqualak Lumber Co., Inc. v. Hardin*, 2009 WL 2767676, at *2 (N.D. Miss. Aug. 27, 2009) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted").
66637

II.      **CONCLUSION**

**IT IS HEREBY ORDERED** that Rioux and Excel's *Joint Motion for Default Judgment Against Certain Defendants-in-Interpleader and for the Entry of Judgment*[11] is GRANTED as to LA Electrical, Inc. and Maderas 3C Inc.

**IT IS SO ORDERED**.

Baton Rouge, Louisiana this 15th day of April, 2021.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. No. 68.
66637